NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
J.F. LOMMA, INC., D/B/A J.F. LOMMA, :
INC. OF DELAWARE, : Civil Action No. 10-3496 (SDW)
:
    Plaintiff, : **OPINION**
:
v. : February 3, 2011
:
STEVENSON CRANE SERVICES, INC., :
:
    Defendant. :
_____ :

**WIGENTON,** District Judge.

Before the Court is the motion of defendant, Stevenson Crane Services, Inc. ("Stevenson") to dismiss the Complaint (Docket Entry No. 4) for lack of personal jurisdiction pursuant to FED. R.CIV. P. 12(b)(2). Stevenson alternatively moves to dismiss for improper venue pursuant to FED. R.CIV. P. 12(b)(3), or to transfer the case to the United States District Court for the Northern District of Illinois, Eastern Division, based on forum non conveniens, pursuant to 28 U.S.C. § 1404(a). Plaintiff, J.F. Lomma, Inc. d/b/a J.F. Lomma, Inc. of Delaware ("Lomma") opposes this motion.

This Court has considered the papers submitted in support of and in opposition to the motion. For the reasons expressed below, the Court concludes that venue is improper in this district. The Court therefore, in its discretion, will transfer this action pursuant to 28 U.S.C. § 1406(a), to the Northern District of Illinois.[1]

---

[1] As explained below, this Court does not reach the merits of Stevenson' motion to dismiss for lack of personal jurisdiction or to transfer venue pursuant to 28 U.S.C. § 1404(a).

**I.     BACKGROUND**

This is a diversity suit brought by Lomma against Stevenson.[2] Lomma seeks to recover $343,936.48 in withheld payments from Stevenson and $488,500.00 for the fair market value of the crane allegedly seized by Stevenson. (Compl. Counts I-IV). Lomma is a Delaware corporation, with its principal place of business in New Jersey.[3] (Compl. ¶1). Lomma is engaged in the business of renting cranes, transporting construction cranes, and other related services. (Compl. ¶ 3).

Stevenson is an Illinois corporation, with its principal place of business in Bolingbrook, Illinois. (Compl. ¶2; Donna Stevenson Affidavit ("Stevenson Aff.) ¶¶ 3-4). Although not explained by the parties, the Complaint, documents attached thereto, and Stevenson's briefs in support of its motion to dismiss suggest that Stevenson is in the construction business.

Lomma's claims arise out of a series of crane rental contracts between the parties. Between 2006 and 2008, the parties entered into three separate rental contracts, whereby Lomma provided crane rental services to Stevenson for use on various construction projects. (Compl. ¶¶ 5-6 and Exhs. A-C). The first contract, dated September 8, 2006, was a lease agreement with an option to purchase a FAVCO 760 Tower Crane ("Tower Crane") for use on a street project in Chicago, Illinois. (Compl., ¶5 and Exh. A). The contract included a transportation "in" fee for $70,000 and a transportation "out" fee for $70,000 with the crane being returned to Newark, New Jersey after the rental period expired. (Compl. at Exh. A).

---

[2] On June 4, 2010, Lomma filed this action in the Superior Court of New Jersey, Hudson County. Stevenson subsequently removed the action based on diversity jurisdiction.

[3] The Court observes that based on the documents attached to Lomma's Complaint, it appears that Lomma also maintained offices in Bridgeville, Pennsylvania when the parties entered the disputed contracts and Lomma sent invoices to Stevenson for outstanding payments. (Compl. at Exhs. A-C).

The second contract, dated May 30, 2007, was a "Bare Rental Agreement Per Estimate Number R6070505-F" for a Manitowoc 18000 Crawler Crane ("Crawler Crane") for use on a highway project in Clifton Hills, Missouri. (Compl. ¶5 and Exh. B). The contract provided that Stevenson was to pick up the Crawler Crane in Manitowoc, Wisconsin and Newark, New Jersey. (Compl. at Exh. B).

The third contract, dated April 29, 2008, was a "Bare Rental Agreement Per Estimate Number R6080412 for a Linkbelt RTC8065 II Rough Terrain "Picker" Crane ("Picker Crane") for use on a nuclear station project in Dresden, Illinois. (Compl. ¶5 and Exh. C). The contract provided that Stevenson was to pick up the Picker Crane for rental at a location in Sublette, Illinois and return it to their own yard after the rental period was complete. (Compl. at Exh. C). All three contracts provided that any disputes arising thereunder were to be governed by New Jersey law. (Id. at Exhs. A-C).

Lomma alleges that, after providing the crane rental services, it sent invoices to Stevenson. (Compl. ¶¶ 6-7 and Exhs. C & D). Lomma further alleges that it made several unsuccessful attempts to collect on these outstanding invoices. (Id. at ¶7). For example, in March 2010, Stevenson allegedly agreed to make a partial payment of its outstanding debt. (Id. at ¶ 7 and Exh. E). Stevenson mailed a $25,000 check from its offices in Illinois to Lomma's office in Kearny, New Jersey but then issued a stop payment. (Id.)

Lomma also alleges that, after it provided the crane rental services, in 2008 Stevenson advised Lomma that the Picker Crane should remain on-site at Stevenson's yard in Illinois to be used for another project. (Id. at ¶8). As such, Stevenson kept the Picker Crane at its Illinois yard. (Id.)

3

Lomma further contends that, when it sought payment for Stevenson's contractual debt, Stevenson retaliated by seizing the Picker Crane under false pretenses. (Id. at ¶9). According to Lomma, in March 2010, Stevenson created fictitious storage invoices for the Picker Crane, backdating them to October 2008 through March 2010. (Id. at ¶9 and Exh. F). These storage invoices were billed from Stevenson's Bolingbrook, Illinois office and sent to Lomma's office in Kearny, New Jersey. (Compl. at Exh. F).

On May 18, 2010, Stevenson filed a Notice of Labor and Storage Lien Claim ("Lien") in Illinois state court, Cook County, concerning the Picker Crane in its possession. (Id. at ¶ 10 and Exh. H). In the Lien, Stevenson sought $120,000 from Lomma. (Id. at Exh. H).

The gravamen of Lomma's Complaint is that Stevenson has failed to pay outstanding invoices totaling $343,936.48 for crane rental services in Illinois and Missouri and for Stevenson's unlawful seizure of Lomma's Picker Crane, valued at $488,500.00. (Compl. ¶¶13, 15, 18, 21).

Stevenson has moved to dismiss the Complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) or, in the alternative, to dismiss for improper venue, pursuant to Rule 12(b)(3). Stevenson makes an alternative argument that the matter be transferred based on forum non conveniens, pursuant to 28 U.S.C. § 1404(a). The Court concludes that the interests of justice are best served by transfer pursuant to §1406(a).

## II. DISCUSSION

Stevenson contends that this Court lacks general and specific personal jurisdiction over it. First, there is no general jurisdiction because Stevenson is an Illinois corporation that does not conduct business in New Jersey, maintain any offices or property in New Jersey, and is not a New

4

Jersey citizen. (Stevenson Aff. ¶¶3-6). Stevenson further contends that none of the relevant contract activities at issue in this litigation occurred in New Jersey, but rather in Illinois. Thus, there is no specific jurisdiction over Stevenson.

Stevenson next contends that this Court is an improper venue. First, Stevenson resides in Illinois. Second, all alleged events and/or omissions giving rise to Lomma's claims occurred in Illinois. In particular, Stevenson asserts that the Tower Crane was transported to Illinois for anticipated use in Chicago, which is located in the Northern District of Illinois, Eastern Division. According to Stevenson, the Tower Crane was delivered to the Chicago work site in a defective manner. As a result, the City of Chicago issued citations and disallowed the use of the crane until it was repaired. Additionally, Stevenson contends that the Picker Crane, which is central to the parties' dispute, has been stored at its yard in Illinois, which is located in the Northern District of Illinois, Eastern Division. Finally, Stevenson argues that this Court lacks personal jurisdiction over Stevenson, and thus venue is not proper here.

Alternatively, Stevenson argues that, even if venue is proper in this district, the convenience of the parties warrants transfer to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a).

While Lomma opposes the motion to dismiss for lack of personal jurisdiction, it does not expressly oppose the motion to dismiss for improper venue. Rather, Lomma mistakenly analyzes Stevenson's forum non conveniens argument as a motion to dismiss, rather than as a transfer motion, and thus argues against dismissal on this basis. Lomma fails to address whether venue in this district is proper under the venue statute, 28 U.S.C. § 1391. As such, this Court could treat Stevenson's motion to dismiss for improper venue as unopposed.

However, out of an abundance of caution, the Court will address the venue test set forth in section 1391. Applying that test, this Court finds that venue is not properly laid in this district. Because venue is clearly not proper in this district, this Court need not address Stevenson's motion to dismiss for lack of personal jurisdiction. "The question of personal jurisdiction . . . is typically decided in advance of venue. . . ." Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979). However, "when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue." Id.

Here, Stevenson's motion to dismiss presents questions concerning personal jurisdiction in New Jersey because it has clearly conducted some crane rental business with Lomma, which has offices in New Jersey. Yet, it is not immediately apparent from the affidavits, briefs, and the pleadings that Stevenson does enough business in New Jersey to establish personal jurisdiction in New Jersey. As the venue issue is clear and dispositive, this matter presents a "sound prudential justification" for deciding the issue of venue before that of personal jurisdiction. See Leroy, 443 U.S. at 180. See, e.g., Reliance Standard Life Ins. Co. v. Aurora Fast Freight, 1997 WL 83769, at * 2 n.2 (E.D. Pa. Feb. 25, 1997) (deciding issue of venue, which was unambiguous, without addressing motion to dismiss for lack of personal jurisdiction).

As a threshold matter, under 28 U.S.C. § 1332, this Court has subject matter jurisdiction based on diversity because it is undisputed that the parties are citizens from different states and the amount in controversy exceeds $75,000. Thus, the proper venue for this case is defined by 28 U.S.C. § 1391(a), which states that in a civil action wherein jurisdiction is based solely on diversity of citizenship, venue is proper, except as otherwise provided by law, only in:

(1)  a judicial district where any defendant resides, if all defendants reside

>    in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

"For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). See Jumara v. State Farm Insurance Co., 55 F.3d 873, 879 (3d Cir. 1995). Thus, the question is whether venue is proper in New Jersey. This Court concludes that it is not.

First, Stevenson resides in Illinois. It does not reside in New Jersey. Therefore, venue is improper in New Jersey under subsection (1).

With respect to venue under subsection (2), the inquiry turns on whether a "substantial part of the events or omissions giving rise to the claim occurred" in New Jersey. Whether a defendant has sufficient contacts with a particular district, establishing personal jurisdiction over the defendant, is not relevant to the Court's analysis of proper venue. Goldlawr, Inc. Heiman, 369 U.S. 463, 466 (1962). "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994). See, e.g., Hoffer v. Infospace.com, 102 F. Supp.2d 556, 569 (D.N.J. 2000) (concluding that venue was properly laid in Western District of Washington because in that district the contract negotiations occurred, the employment agreement was executed, and the alleged

7

breach and decision to deny the plaintiff his stock options took place).

Here, the key inquiry focuses on the substantial events or omissions giving rise to the claim rather than Stevenson's contacts with this district. This Court is satisfied that a "substantial part of the events giving rise to the claim[s]" occurred in Illinois, not New Jersey. It is unclear from the record whether any in person meetings occurred in New Jersey to negotiate the crane rental contracts. Nonetheless, the Tower Crane, which is the subject of the first rental contract, was transported to Chicago, Illinois for use by Stevenson. Stevenson asserts that the Tower Crane was delivered in a defective manner, and delayed its ability to use the crane under the contract. Such events give rise to Lomma's breach of contract and quantum meruit claims.

The Picker Crane, which is the subject of the third contract, was transported for use by Stevenson in Dresden, Illinois. Stevenson allegedly seized the crane, which remains stored at Stevenson's yard in Illinois. Such events are central to Lomma's claims for conversion, unjust enrichment and consumer fraud as well as Stevenson's contention that Lomma owes outstanding storage fees to Stevenson. The Crawler Crane, which is the subject of the second contract, was transported from New Jersey and Wisconsin for use in Missouri. (Compl., at Exh. B). It appears that a substantial part of the events occurred in neither New Jersey nor Illinois. Thus, this contract supports venue in neither New Jersey nor Illinois.

Stevenson has its principal place of business in Bolingbrook, Illinois and importantly, does not maintain any offices in New Jersey. (Stevenson Aff. ¶¶ 4, 6). Furthermore, while Stevenson failed to send remittance for outstanding invoices to Lomma in New Jersey, the events on which the failure to pay and return the Picker Crane decisions are based occurred in Illinois (i.e., Stevenson's alleged breach and decision not to pay the outstanding balance for the rental use of the cranes and

8

its decision to keep the Picker Crane in its yard in Illinois). Accordingly, this Court is satisfied that a "substantial part of the events" which give rise to the claims here did not occur in New Jersey. As to two of the three contracts, a substantial part of the events occurred in Illinois.[4] Therefore, venue is improper in New Jersey under subsection (2) of §1391(a).

Finally, this Court is satisfied that venue is not established in New Jersey under subsection (3) of § 1391(a). While Stevenson may be subject to personal jurisdiction in New Jersey, this action may have been properly brought in Illinois, where Stevenson does reside. Therefore, subsection (3) does not support venue in New Jersey. See Boily v. Walt Disney World, 2009 WL 1228463 at * 7 (D.N.J. May 1, 2009); Potluri v. Yalamanchili, 2007 WL 708098, at * 2 (D.N.J. Mar. 5, 2007); Markey v. Fastuca, 2006 WL 469948 at *2 (D.N.J. Feb. 27, 2006).

Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or dismissal is in the interest of justice, however, rests within the sound discretion of the district court." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).

---

[4] Lomma cites to its location in New Jersey, a partial negotiation of the contracts in New Jersey, delivery of "the crane" to New Jersey, and a New Jersey choice-of-law provision in all three contacts as an adequate basis for a finding that this district is the more appropriate forum. However, Lomma's argument presupposes that venue is proper in this district. "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406 . . . applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). Thus, any analysis concerning evidence and convenience of the parties applies to a motion to transfer venue under § 1404(a), and not to a venue analysis under § 1391 and § 1406(a). Although Stevenson moves to transfer venue, in the alternative, for convenience of the parties under §1404(a), the Court has already noted its declination to address that motion because it has concluded that venue is not proper in this district pursuant to § 1391.

9

The Court finds that this action could have originally been brought in the Northern District of Illinois, Eastern Division. Indeed, as set forth above, personal jurisdiction exists over Stevenson there, and venue is proper there. The Court may transfer the instant case to another district in lieu of dismissal in the interest of justice, "however wrong the plaintiff may have been in filing his case as to venue, [and] whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, 369 U.S. at 466. See Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). "Transfer is generally more in the interest of justice than dismissal." CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co., 650 F. Supp. 57, 60 (D.V.I. 1986). Accordingly, in its discretion, this Court will transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Northern District of Illinois, Eastern Division.

Since the Court will transfer the case to the Northern District of Illinois, the Court declines to address Stevenson's alternative argument that, although venue is proper in New Jersey, the case should be transferred to the Northern District of Illinois for the convenience of the parties under 28 U.S.C. § 1404(a). Similarly, in light of the Court's decision to transfer, the Court declines to address the merits of Stevenson's motion to dismiss for lack of personal jurisdiction.

### III. CONCLUSION

For the reasons set forth above, the Court will deny Stevenson's motion to dismiss the case for lack of personal jurisdiction and improper venue, and, in its discretion, will transfer the action under 28 U.S.C. § 1406(a). The Court will also deny Stevenson's motion to transfer venue under 28 U.S.C. § 1404(a). This matter shall be transferred to the United States District Court for the

Northern District of Illinois, Eastern Division.  An appropriate Order will be filed.


                                                             s/SUSAN D. WIGENTON
                                                             United States District Judge


cc:      Hon. Madeline Cox Arleo, U.S.M.J.
          Clerk of the Court
          Parties